IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **PEDRO GARCIA** and **ROSALINDA GARCIA,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | CIVIL ACTION NO. 2:12-CV-00072 |
| **UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** and **UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,** | § § § § § § § | |
| **Defendants.** | § | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss. (D.E. 12.) For the reasons stated below, Defendants' motion is GRANTED.

**A.    Court Lacks Subject Matter Jurisdiction Over Federal Agency Under FTCA**

Defendants seek dismissal of Plaintiffs' claims against the federal agencies named as parties in this case. Under the Federal Tort Claims Act (FTCA), a plaintiff cannot bring suit against a federal agency. The plaintiff must name the United States as the defendant. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ."); *Esquivel-Solis v. United States*, No. 11-10401, 2012 WL 2865480, at * 1 (5th Cir. July 12, 2012) (per curiam) ("An FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction."); *Atorie Air, Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 957 (5th Cir.

1991) (concluding that all defendants in an FTCA action other than the United States were properly dismissed for lack of jurisdiction); *Garcia v. United States*, 709 F. Supp. 2d 1133, 1138 (D.N.M. 2010) ("Congress has explicitly provided . . . that the only proper party in an action under the FTCA is the United States."). Plaintiffs do not provide any contrary authority. Accordingly, Plaintiff's claims against the United States Department of Homeland Security and the United States Immigration and Customs Enforcement are dismissed for want of jurisdiction.

B.     **Rosalinda Garcia Failed to Exhaust Her Administrative Remedies**

Next, Defendants request the Court dismiss Rosalinda Garcia, who seeks to recover spousal damages for loss of consortium and household services based on her husband's injuries. Defendants argue that Ms. Garcia failed to present her claim in writing to the appropriate federal agency within two years of the accrual of her claim as required by 28 U.S.C. §§ 2401(b) and 2675, and therefore, her claim is now barred. Plaintiffs counter that other courts have not strictly denied spouses and children from recovery because they were not identified in the initial claim.

The FTCA provides that no claim may be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." § 2675(a). Section 2675's administrative presentment and exhaustion requirements are satisfied "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). "Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim." *Id*. at 290.

Having reviewed Plaintiffs' Original Complaint, as well as the claim documents attached to Plaintiffs' Response (D.E. 13-1 through 13-8), there is no indication that Ms. Garcia made an independent administrative claim, or that Mr. Garcia requested damages for loss of consortium and household services as part of his administrative claim.  Section 2675 requires that the agency receive at least minimal notice of the claim so that it is aware of the circumstances of the accident, can investigate the claim, and then respond either by proposing a settlement or preparing a defense. *Adams*, 615 F.2d at 289.  Mr. Garcia's administrative claim gave the agency no indication that his wife was also asserting a claim or that he was requesting damages for loss of consortium and household services on behalf of his spouse.  In order for a spouse seeking damages for loss of consortium and household services to preserve her right to seek relief in federal court, she must join in her husband's administrative claim or file a separate administrative claim on her own behalf. *See, e.g.*, *Johnson v. United States*, 496 F. Supp. 597 (D. Mont. 1980); *Stephan v. United States*, 490 F. Supp. 323 (W.D. Mich. 1980); *Stewart v. United States*, 458 F. Supp. 871 (S.D. Ohio 1978).

The Fifth Circuit case cited by Plaintiffs, *Transco Leasing Corp. v. United States*, 896 F.2d 1435 (5th Cir. 1990), is inapposite to the facts of the case at hand.  In *Transco*, the executor of the decedent's estate filed an administrative claim on behalf of the beneficiaries of the estate, the surviving wife and daughter.  The Fifth Circuit panel found that the administrative claim submitted by the executor satisfied the jurisdictional notice requirements identified in *Adams*, as it provided the agency written notice of the beneficiaries' claims sufficient to enable the agency to investigate them and place a value on the claims; therefore, the beneficiaries had jurisdiction to pursue their claims in federal court. *Id*. at 1444.  In contrast, here, the agency had absolutely no notice of Ms. Garcia's claims for loss of consortium and household services.

Accordingly, the Court finds that Ms. Garcia failed to comply with section 2675's administrative exhaustion requirements, and her claims are dismissed for lack of subject matter jurisdiction.

**C.    Pedro Garcia's Claims Are Premature**

Finally, Defendants' argue that Pedro Garcia's claims should be dismissed as premature. Mr. Garcia filed an administrative claim in this matter on January 12, 2011. (D.E. 13-2.) In a letter dated August 4, 2011, the U.S. Immigration and Customs Enforcement denied Mr. Garcia's administrative claim. (D.E. 13-6.) On December 30, 2011, Mr. Garcia sent a letter to the U.S. Immigration and Customs Enforcement requesting that the agency reconsider its denial of his claim for injuries with the agency. (D.E. 13-7.) The agency received Mr. Garcia's request on January 3, 2012. Defendants argue that Mr. Garcia's request for reconsideration had the effect of resetting the administrative claim exhaustion clock, providing U.S. Immigration and Customs Enforcement an additional six months to investigate Mr. Garcia's claims, and requiring Mr. Garcia to wait an additional six months before filing a claim in federal court. Accordingly, Defendants argue that Mr. Garcia lacked jurisdiction to file a claim against the United States in federal court until July 3, 2012, and they request that the Court dismiss Mr. Garcia's claims for lack of subject matter jurisdiction.

Section 2675(a) of the FTCA bars the filing of an action in federal court before the exhaustion of a claimant's administrative remedies, or in the alternative, the expiration of a six-month waiting period after the filing of a complaint with the administrative agency. The statute provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

4

>have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

§ 2675(a). The Supreme Court has interpreted the statute to require the dismissal of any suit brought in federal court prior to fully exhausting administrative remedies, even if the claimant receives a final determination or the six-month waiting period expires while the federal action is pending. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law") (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980))).

Federal regulations implementing the FTCA state that "[u]pon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration." 28 C.F.R. § 14.9(b). Thus, federal regulations call for the resetting of the administrative claim exhaustion clock upon the filing of a request for reconsideration. This interpretation is in keeping with Congress's intent in amending the FTCA to require the agency to carefully consider each claim for possible settlement before any federal court action is commenced.

>This procedure would make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. That agency would have the best information concerning the activity which gave rise to the claim. Since it is the one directly concerned, it can be expected that claims which are found to be meritorious can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation.

S. Rep. No. 1327, 89th Cong., 2d Sess., 3 (1966).

Plaintiffs argue that the requirement the administrative exhaustion clock reset itself upon the filing of a request for reconsideration is regulatory, not statutory, and that an agency cannot

dictate jurisdiction in a federal court. The Court disagrees that this is solely a regulatory requirement. The Court considers the regulation a proper interpretation of section 2675(a), as it is in keeping with the plain language of the statute, as well as Congressional intent. Mr. Garcia's claim must be dismissed as premature as he failed to heed the clear statutory and regulatory language which required him to fully exhaust his administrative remedies before filing suit in district court.

For the reasons stated above, Defendants' Motion to Dismiss (D.E. 12) is **GRANTED**.

**ORDERED** this 31st day of July 2012.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**